# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 08-00275-KD-M |
| | ) | |
| HILLARY BERNARD BALDWIN, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the "Motion for Clarification" (Doc. 41) filed *pro se* by Defendant Hillary Bernard Baldwin ("Baldwin"), a federal prisoner. Upon consideration, and for the reasons set forth herein, Baldwin's motion is due to be **DISMISSED in part** for lack of jurisdiction and **DENIED in part**.[1]

On July 17, 2009, the Court sentenced Baldwin to one hundred eighty (180) months in prison, "said term to run concurrently with the yet to be imposed state sentence in Mobile County District Court #08-7323." (Doc. 30). Per Baldwin's motion and the Bureau of Prisons (BOP) documents he has attached as exhibits, "Mobile County District Court #08-7323" was dismissed on July 29, 2009. (Doc. 41 at 6). However, Baldwin was "sentenced in state court to a 15-year total sentence for three state probation violations, with credit for one year, one month and 24 days for time spent in custody." (Id.). Baldwin satisfied his state obligations on March 22, 2010, and was released to the custody of the U.S. Marshals Service to begin serving his federal sentence. (Id.).

On April 24, 2013, Baldwin filed a request for administrative remedy (No. 732119-F1) with the warden of his federal prison, requesting that he be awarded jail credit for his time spent in state

---

[1] The Court is mindful that, "[u]nder well-settled principles in this circuit, *pro se* applications for post-conviction relief are to be liberally construed." United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

prison. (Doc. 41 at 4). This request was denied. (Id.) Baldwin appealed this denial to the relevant regional authority (Id. at 5), which issued a response dated June 14, 2013, and stating, in relevant part:

> The Bureau of Prisons considers an inmate's request to award prior custody credit toward a federal sentence for time spent in service of a state sentence as a request for "Nunc Pro Tunc"[2] designation, which would cause your federal sentence to run concurrent with the state sentence. As such, your request was forwarded to the Designation and Sentence Computation Center (DSCC) for review and determination in compliance with Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. You must continue the administrative remedy process in order to be advised of this determination. To this extent, your appeal is partially granted.

(Id.).

On October 24, 2013, an administrator for "National Inmate Appeals" issued a response denying Baldwin's appeal of the regional authority's determination. (Id. at 7). As to the issue of jail credit, the administrator found: "Title 18 U.S.C. § 3585(b) precludes the application of credit for time that has been credited toward another sentence. The credit you are seeking was credited toward your state sentence." (Id. at 6). The administrator also upheld the BOP's conclusion that "a *nunc pro tunc* designation was not appropriate[,]" noting among other things that the judgment in this action "indicated the federal sentence was to be served concurrent to the yet-to-be imposed state sentence in Mobile County District, Court Case Number 08-7323, but was silent regarding its relationship to any other forthcoming action in state court."[3] (Id. at 6-7).

---

[2] "The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect—a Latin term meaning literally, 'now for then.' An act *nunc pro tunc* is an 'entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake.'" Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (quoting Black's Law Dictionary at 964 (5th ed. 1979)).

[3] The administrator also noted that in declining to grant Baldwin a *nunc pro tunc* designation, the BOP considered that "[t]he federal sentencing judge did not provide a response to indicate a favorable determination on retroactive designation." (Doc. 41 at 7). This statement is correct. The undersigned received a letter from the BOP Designation and Sentence Computation Center dated August 1, 2013, requesting the Court's position on a retroactive designation. Upon consideration of the letter and the file in

2

Baldwin now requests that the Court "clarify" that its sentence in this action was to run concurrently with any to-be-imposed state sentence, rather than just "Mobile County District Court #08-7323." (Id. at 2). "In the alternative, Baldwin requests that this Court exercise its authority under 5G1.3 of the United States Sentencing Guidelines and reduce his federal sentence by the number of days being denied by the BOP." (Id.).

"18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences....'" United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." Alexander, 609 F.3d at 1259 (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). "The Attorney General . . . has delegated the right to make the determination to the Bureau of Prisons." United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). Additionally,

> [a] federal sentence begins when the defendant is received in federal custody to begin serving his sentence. 18 U.S.C. § 3585(a). The BOP, however, has the discretion to retroactively designate a state facility as the place for service of a federal sentence. See 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990); BOP Program Statement 5160.05(9)(b)(4). If a defendant is already serving a state sentence, this "*nunc pro tunc*" designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently.

United States v. Tubby, 546 F. App'x 869, 871 (11th Cir. 2013).[4] See also Barden, 921 F.2d at 480 (". . . Barden's state incarceration can be credited against his federal sentence if the Bureau, *nunc pro tunc* designates [the facility where Barden served his state sentence] as the facility where Barden served a portion of his federal sentence."); Fegans v. United States, 506 F.3d 1101, 1103

---

this action, the Court declined to provide a response.

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Aug. 1, 2012).

(8th Cir. 2007) (Title 18 U.S.C. § 3621(b) " 'provides the BOP with broad discretion to choose the location of an inmate's imprisonment,' so long as the factors enumerated in the statute are considered. Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006). A federal sentence 'commences on the date the defendant is received in custody [at] the official detention facility' designated by the BOP. 18 U.S.C. § 3585(a). Thus, when a federal defendant is already serving a state sentence, BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.' Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000)."); Paradis v. Keller, No. 1:10-CV-2354-TWT-AJB, 2011 WL 2790480, at , at *3-4 (N.D. Ga. June 13, 2011), report and recommendation adopted, 2011 WL 2790472 (N.D. Ga. July 14, 2011) (same).

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under [28 U.S.C. ]§ 2241." E.g., Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).[5] However, "[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accord, e.g., Vance v. United States, 476 F. App'x 234 (11th Cir. 2012) ("The government argues, and Vance concedes, that the district court lacked subject-matter jurisdiction to entertain the petition because '[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.' Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). The district court lacked jurisdiction over Vance's petition because Vance is not incarcerated in that district. We vacate the order that denied Vance's petition

---

[5] Challenges based on §§ 3585(b) and 3621(b) have usually been considered in the context of a petition under 28 U.S.C. § 2241. See, e.g., Fegans, 506 F.3d 1101; Paradis, 2011 WL 2790480; Barden, 921 F.2d 476; Tubby, 546 F. App'x at 873-74 (11th Cir. 2013) ("Tubby's sentencing calculation claim probably would be cognizable in a § 2241 petition. United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (explaining that an inmate's claim relating to credit for time served is properly brought in a § 2241 petition).").

4

and remand with instructions to dismiss Vance's petition for lack of jurisdiction."). See also Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004) ("The proviso that district courts may issue the writ only 'within their respective jurisdictions' forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Baldwin's Motion for Clarification was mailed from the federal penitentiary in Lewisburg, Pennsylvania (located within the Middle District of Pennsylvania), and the BOP's online prisoner locator[6] confirms that Baldwin is presently incarcerated there. Accordingly, to the extent Baldwin now challenges the BOP's denial of jail credit under 18 U.S.C. § 3585(b) or its denial of a *nunc pro tunc* designation under 18 U.S.C. § 3621(b), the Court lacks subject-matter jurisdiction to review these claims, which are **DISMISSED without prejudice**.

In asking the Court to "clarify" that it intended his sentence in this action to run concurrently with any to-be-imposed state sentence, rather than just "Mobile County District Court #08-7323, Baldwin essentially moves the Court modify his criminal judgment in this action to have his sentence run concurrently with his later-imposed state probation violation sentences, thereby in effect reducing his sentence of imprisonment.[7] Baldwin's alternative request, that the Court "exercise its authority under 5G1.3 of the United States Sentencing Guidelines and reduce his federal sentence by the number of days being denied by the BOP" (Doc. 41 at 2), is also a request

---

[6] http://www.bop.gov/inmateloc/ (last visited April 28, 2014)

[7] To the extent Baldwin requests that the Court "clarify" that it always intended that the sentence in this action was to run concurrently with any to-be-imposed state sentence, rather than just "Mobile County District Court #08-7323," the Court **DENIES** this request.

to modify his sentence of imprisonment.[8]

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute. Specifically, [18 U.S.C. ]§ 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [Sentencing ]Commission and certain other requirements are met, see id. § 3582(c)(2)." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Baldwin's motion does not present grounds for any of the limited circumstances identified in § 3582(c), and none of those circumstances otherwise appears to exist here. Therefore, to the extent Baldwin's motion seeks to modify his imprisonment sentence, the Court lacks jurisdiction to consider the request. See, e.g., United States v. Castra, 152 F. App'x 777, 781 (11th Cir. 2005) ("Castra was not entitled to the discretionary relief of a sentence modification under any provision of § 3582(c), and the district court correctly found that it lacked jurisdiction to consider Castra's claim. See United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that the district court correctly found that it had no discretion to modify a defendant's sentence outside the

---

[8] See United States v. Preciado-Rojas, 536 F. App'x 875, 878 (11th Cir. 2013) ("The Sentencing Reform Act of 1984, 18 U.S.C. § 3584, addresses the 'concurrent-vs.-consecutive decision' faced by a district court but does not address the situation raised here, where a 'state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence.' Setser[ v. United States], 132 S. Ct. [1463,] 1467[ (2012)]. The Sentencing Guidelines promulgated by the Sentencing Commission also address when concurrent or consecutive sentences should be imposed, but similarly do not address the instant situation. See U.S.S.G. § 5G1.3. We have stated, however, that "[t]he statute and the analogous Sentencing Guidelines evince a preference for consecutive sentences when imprisonment terms are imposed at different times." [United States v. ]Ballard, 6 F.3d [1502,] 1506[ (11th Cir. 1993)]." (footnotes omitted)).

amended guidelines range under § 3582(c) and that courts are without jurisdiction to consider extraneous sentencing issues outside the scope of § 3582).").

In accordance with the above-stated reasoning, it is **ORDERED** that Baldwin's "Motion for Clarification" (Doc. 41) is **DISMISSED in part** for lack of jurisdiction and **DENIED in part**, as set out.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Baldwin at the address from which his motion was sent (see Doc. 41 at 11).

**DONE** and **ORDERED** this the **28th** day of **April 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**